TYLER, The (GILMAN v.). See Case No. 5,-446.

## Case No. 14,308.

### TYLER v. HAGERTY et al.

[2 Flip. 257;[1] 5 Reporter, 300; 10 Chi. Leg. News, 100; 6 Am. Law Rec. 385; 2 Cin. Law Bul. 301.]

Circuit Court, N. D. Ohio. Oct. Term, 1878.

REMOVAL OF CAUSES — SEVERAL DEFENDANTS — CONTROVERSY.

Where there are several defendants, to entitle a non-resident to remove a cause to the circuit court, there must be a controversy wholly between him and the plaintiff, so as in effect a final decree would settle the whole case.

[Cited in Donohoe v. Mariposa L. & M. Co., Case No 3,989.]

[This was a bill by Henry W. Tyler, against George R. Hagerty, Amanda Moore, and Clinton Idler, for specific performance. Heard on motion of plaintiff to remand the cause to the state court.]

WELKER, District Judge. The petition was filed in the common pleas of Ottawa county, by Henry W. Tyler, against George R. Hagerty, Amanda Moore and Clinton Idler, to compel a specific performance of a contract in writing for the sale of real estate lying in said county, made by Hagerty to Tyler on the 7th day of September, 1876; also alleging that Tyler, after the making of the said contract, and before the commencement of the action, fraudulently conveyed the land so sold to Moore, and made a lease for a part thereof to Idler, the other defendant, and prays the enforcement of the contract against Hagerty, and also that the conveyance made to Moore and Idler be set aside and they be ordered to convey the land to the plaintiff. Hagerty filed an answer to the petition denying plaintiff's right to enforce the contract.

The plaintiff and the defendants, Moore and Idler, are citizens of the state of Ohio, and the other defendant, Hagerty, is a citizen of the state of Missouri.

At the first term of the court of common pleas of Ottawa county, at which the case

could be tried, the defendant, Hagerty, filed a petition therein for the removal of the case to this court, and executed and filed the necessary and proper bond, and an order was made by said court making such removal, and on the first day of the next succeeding term, to-wit: the second day of October, 1877, filed a copy of the record of the case in this court.

The plaintiff files a motion to dismiss the case from this court and remand the same to the common pleas, on the grounds:

First. That the controversy involved in the case is not wholly between citizens of different states.

Second. That the controversy can not be fully determined between the plaintiff and defendant, George Hagerty, a citizen of Missouri.

Third. That the controversy is between citizens of this state.

The only question presented in the motion is whether the defendant, Hagerty, being a citizen of Missouri, has a right to remove the case to this court.

In the second section of the act of March 3, 1875 (18 Stat. 470), providing for the removal of causes from the state courts to the national courts, it is provided: "And if in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

Is the controversy involved in this case wholly between the plaintiff, a citizen of Ohio, and the defendant, Hagerty, a citizen of the state of Missouri? A part of the controversy is between them, and part of it is between the plaintiff and the other defendant. Moore, who is a citizen of Ohio. As to Hagerty, the controversy is whether he sold the land, as claimed by the plaintiff; whether the plaintiff has complied with the contract, and Hagerty refused to do so. As to Moore, the controversy is whether Hagerty fraudulently conveyed the land to her after the sale thereof to the plaintiff. A judgment against Hagerty that he shall convey the land does not determine the controversy. The character of the conveyance to Moore remains to be determined in the suit. So that the controversy cannot be fully determined between the plaintiff and the defendant, Hagerty.

The controversy is really between the plaintiff on the one side, and the defendants, Hagerty and Moore, on the other, and is not, therefore, wholly between the plaintiff and the defendant, Hagerty. This being the relation of the two parties, it is not such a controversy as entitles the defendant, Hagerty, to remove the case to this court.

Motion sustained and cause remanded.

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]